UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMARKUS DEON JEFFRIES,

                  Petitioner,                  Case No. 5:18-cv-10252
                                                      Hon. John Corbett O'Meara

v.

BAY CITY COUNTY JAIL,

                  Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS**

Bay County Jail inmate Damarkus Deon Jeffries, ("Petitioner"), has filed a pro se petition for writ of habeas corpus. The petition challenges Petitioner's incarceration at the Bay County Jail on the grounds that "I have been held at the Bay [] County Jail since 12/21/2017 against my free will and no probable cause." Dkt. 1.

Bay Circuit Court and Michigan Department of Corrections records indicate that Petitioner pled guilty to delivery of less than 50 grams of cocaine. MICH. COMP. LAWS § 333.74012(A)(4). On September 29, 2014, Petitioner was sentenced to a term of probation of 42 months. Bay Circuit Court records indicate that a probation violation hearing is set for March 5, 2018.[1]

---

[1] This Court takes judicial notice of the information provided by a search of the MDOC OTIS website and state court website with regard to Petitioner. See, i.e. *Carpenter v. Mich. Dep't of Corr. Time*

1

After a petition for habeas corpus is filed the Court must undertake a preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases.

A federal habeas petitioner must exhaust remedies available in the state courts before filing his petition. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971). The district court can and must raise the exhaustion issue on its own when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987).

Here, Petitioner has not exhausted his state court remedies with respect to any claims challenging the legality of his detention. His probation violation hearing is set to be held on March 5, 2018. Any claims Petitioner may have regarding the legality of his detention may be raised in the state trial court at that time, and then they may be pursued through the state

---

*Computation Unit*, No. 1:13-cv-313, 2013 U.S. Dist. LEXIS 65999, 2013 WL 1947249 *1 n.1 (W.D. Mich. May 9, 2013); *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821-22 n. 3 (E.D.Mich. 2004).

appellate courts. Until such time as Petitioner has presented his constitutional claims through all levels of state court review, he may not pursue relief in Federal court. *O'Sullivan*, 526 U.S. at 842. Accordingly, the Court will summarily dismiss the petition without prejudice.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

**IT IS FURTHER ORDERED** that permission to appeal in forma pauperis is **DENIED** because any appeal of this order would be frivolous. 28 U.S.C. § 1915(a)(3).

                                      s/John Corbett O'Meara
                                      United States District Judge

Date: January 31, 2018

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 31, 2018, using the ECF system and/or ordinary mail.

                                      s/William Barkholz
                                      Case Manager